**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                          Case No.:    3:12-cr-118-J-32PDB

TIMOTHY ERIC ALSTON

_____/

**ORDER**

This case is before the Court on Defendant Timothy Eric Alston's "Motion to Suspend Under 21 U.S.C. § 862(c), Amend and Correct Sentence" (Doc. 167, Motion to Suspend), Amended "Motion to Suspend Under 21 U.S.C. § 862(c), Amend and Correct Sentence" (Doc. 168, Amended Motion to Suspend), and "Motion for Relief Pursuant to Federal Rule of Criminal Procedure 60(b), (d) and Applicable Subsections and Law" (Doc. 169, Rule 60 Motion).

Defendant was convicted of attempted possession of marijuana with intent to distribute and possession of a firearm by a convicted felon. (Doc. 107, Amended Judgment). On January 16, 2014, the Honorable Paul Huck, United States District Judge, sentenced Defendant to a total term of 92 months in prison, followed by a three-year term of supervised release. (Id.). The Amended Judgment states that Defendant is "[p]ermanently ineligible for all federal benefits" under 21 U.S.C. § 862. (Id. at 7). The Court also ordered forfeiture of $5,721.00 in currency, pursuant to 21 U.S.C. § 853. (Doc. 124). Defendant

1

appealed his convictions on the ground that the Court erroneously denied his motion to suppress evidence, but the Eleventh Circuit Court of Appeals affirmed. United States v. Alston, 598 F. App'x 730 (11th Cir. 2015). The Court later denied Defendant's motion under 28 U.S.C. § 2255 to vacate sentence, which he did not appeal. (See Doc. 176, Order Denying § 2255 Motion).

## I.     Motion to Suspend and Amended Motion to Suspend

In the Motion to Suspend and Amended Motion to Suspend, Defendant contends he was wrongfully deemed permanently ineligible for federal benefits under 21 U.S.C. § 862(a).[1] He asserts that the conviction for attempted possession of marijuana with intent to distribute does not qualify as a distribution offense under § 862(a)[2], and that he does not have two other convictions for a distribution offense. Alternatively, Defendant contends that he

---

[1]   Under § 862(a)(1)(C), "[a]ny individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall … upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits."

The term "Federal benefit" "means the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States." Id., § 862(d)(1)(A). The denial of Federal benefits "does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility." Id., § 862(d)(1)(B).

[2]   Defendant may be correct in this regard. In United States v. Williams, the Eleventh Circuit Court of Appeals held that a conviction for possession of a controlled substance with intent to distribute does not qualify as a distribution offense under 21 U.S.C. § 862(a). 541 F.3d 1087, 1090–91 (11th Cir. 2008). As explained below, however, this error cannot be challenged collaterally, although the Court can provide other relief under Fed. R. Crim. P. 36 and 21 U.S.C. § 862(c).

2

qualifies either to have his ineligibility waived under § 862(b) or to have his period of ineligibility suspended under § 862(c). Defendant further argues that the forfeiture of $5,721.00 and other property was unlawful, and that the Court miscalculated his sentencing guidelines range.

According to the Presentence Investigation Report (PSR), the Probation Office recommended that Defendant was ineligible for federal benefits for up to 10 years following the conviction because this was his second drug distribution offense. (PSR at ¶ 92) (citing 21 U.S.C. § 862(a)(1)(B)). Defendant did not object to that statement. (See Addendum to PSR; Doc. 95, Objections to PSR). The matter was not discussed further at the sentencing hearing. (See Doc. 125, Sentencing Transcript). Nevertheless, both the Judgment (Doc. 99) and Amended Judgment (Doc. 107) stated that Defendant was permanently ineligible for federal benefits. This unexplained discrepancy appears to have been a clerical error. See United States v. Bonner, 522 F.3d 804, 808-09 (7th Cir. 2008) (judgment's mistaken inclusion of lifetime ban on federal benefits was a clerical error that district court could correct under Fed. R. Crim. P. 36).

Under the Federal Rules of Criminal Procedure, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Court liberally construes Defendant's pro se Motion to Suspend and Amended Motion to

3

Suspend as a motion to correct a clerical error under Fed. R. Crim. P. 36 – at least insofar as the Amended Judgment's lifetime ban on federal benefits conflicts with the unobjected to 10-year ban stated in the PSR. Given the nature of the error and the filing of Defendant's Motion to Suspend and Amended Motion to Suspend, the Court finds that issuing further notice is unnecessary before the Court acts. The Court will grant the motions to the extent the lifetime ban on federal benefits is converted to a 10-year ban dating from the conviction.

However, Defendant cannot collaterally attack the finding that he is ineligible for federal benefits for 10 years, the forfeiture of $5,721.00, or the calculation of his guidelines range – which are not mere clerical errors.[3] Such challenges can, and should, be raised on direct appeal. United States v. Bane, 948 F.3d 1290, 1294 (11th Cir. 2020) (holding that defendants' "failure to challenge their forfeiture judgments on direct appeal means they cannot challenge them" collaterally); see also Williams, 541 F.3d at 1090-91 (defendant raising challenge to lifetime ban on federal benefits on direct appeal); Spencer v. United States, 773 F.3d 1132, 1138-41 (11th Cir. 2014) (en banc) (a misapplication of the guidelines is not cognizable on collateral review).

---

[3] To the extent Defendant challenges the forfeiture of other property to state authorities, this Court cannot grant relief. See United States v. Cobb, 703 F. App'x 879, 882–83 (11th Cir. 2017) (affirming denial of equitable relief to federal criminal defendant defendant concerning seized vehicles because he "made no argument that it was the federal government, as opposed to the Tampa Police Department, that released and/or auctioned the vehicles.").

Defendant did not challenge the denial of federal benefits, forfeiture, or the guidelines calculation on direct appeal, choosing instead to raise a suppression issue. Alston, 598 F. App'x at 731. Defendant also stipulated in open court to the forfeiture of $5,721.00. (See Doc. 87, Motion for Entry of Preliminary Order of Forfeiture at 2). Defendant cannot overcome the default because the alleged errors are not jurisdictional and he has not demonstrated cause and prejudice. See Bane, 948 F.3d at 1294-97.

Nevertheless, Defendant may seek to have the period of ineligibility for federal benefits suspended under § 862(c). District courts have jurisdiction to grant such motions. United States v. Mack, No. 2:04-cr-49-FtM-29SPC, 2018 WL 564547, at * 2–3 (M.D. Fla. Jan. 26, 2018). Under § 862(c),

> The period of ineligibility referred to in subsections (a) and (b) shall be suspended if the individual—
>
>     (A) completes a supervised drug rehabilitation program after becoming ineligible under this section;
>
>     (B) has otherwise been rehabilitated; or
>
>     (C) has made a good faith effort to gain admission to a supervised drug rehabilitation program, but is unable to do so because of inaccessibility or unavailability of such a program, or the inability of the individual to pay for such a program.

21 U.S.C. § 862(c).

Defendant states that he has completed a substance abuse treatment program and the BOP has deemed him rehabilitated. (Doc. 168 at 3). In support,

Defendant submitted a certificate of completion of the Bureau of Prisons' (BOP's) Non-Residential Drug Abuse Program. (Doc. 167 at 4). According to the BOP, "[t]his 12-week, Cognitive-Behavioral Therapy (CBT) treatment program is conducted primarily in a group setting. The content address[es] criminal lifestyles and provides skill-building opportunities in the areas of rational thinking, communication skills, and institution/community adjustment."[4] Because Defendant has submitted evidence showing that he "complete[d] a supervised drug rehabilitation program after becoming ineligible under this section," 21 U.S.C. § 862(c)(A), the Court concludes that Defendant's period of ineligibility for federal benefits should be suspended. To this extent, the Motion to Suspend and Amended Motion to Suspend are due to be granted as well. Otherwise, the motions are due to be denied.

## II.   Rule 60 Motion (Doc. 169)

Defendant also seeks to set aside his conviction under Federal Rule of Criminal Procedure 60(b) and 60(d), by which he presumably means Federal Rule of Civil Procedure 60(b) and 60(d).[5] Defendant contends that the Assistant United States Attorneys who prosecuted him were not authorized to represent

---

[4]   https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp.

[5]   Fed. R. Crim. P. 60(b) pertains to victims' rights, while Fed. R. Crim. P. 60(d) does not exist.

the United States, which deprived the Court of subject matter jurisdiction. Rule 60(b) is a rule of civil procedure, and as such, "Fed. R. Civ. P. 60(b) does not apply to criminal judgments." Ben-Ari v. United States, No. 2:16-cv-104-FtM-29UAM, 2019 WL 399548, at *2 (M.D. Fla. Jan. 31, 2019). In any event, Defendant's claim that the Assistant United States Attorneys were not authorized to represent the United States is frivolous, and it has no bearing on the Court's jurisdiction. Rosenfeld v. United States, No. 3:18-cv-607-J-34JRK, 2020 WL 364179, at *9 (M.D. Fla. Jan. 22, 2020).

Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion to Suspend (Doc. 167) and Amended Motion to Suspend (Doc. 168) are **GRANTED** to the following extent: the Court amends the lifetime ban on federal benefits to a period of 10 years from the date of conviction, and the Court suspends Defendant's period of ineligibility for federal benefits under 21 U.S.C. § 862(c)(A). The motions are otherwise **DENIED**.

2. Defendant's Rule 60 Motion (Doc. 169) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

7

lc 19

Copies:
Counsel of record
Defendant

U.S. Department of Justice – Office of Justice Programs
Attn: Denial of Federal Benefits Program
810 Seventh Street, NW
Washington, D.C. 20531